UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLADYS GRAYE THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | Civil Action No. 03-32 (RCL) |

## MEMORANDUM OPINION

This matter comes before the Court on defendant the District of Columbia's Motion for Summary Judgment. Having considered the defendant's motion, the plaintiff's opposition, and the defendant's reply, the Court denies the District of Columbia's motion. The District of Columbia fails to convince the Court that plaintiff Thomas presents no genuine issues of material fact in her claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634. (West 1999 & Supp. 2005).

## BACKGROUND

On June 4, 2001, Gladys Graye Thomas, age 58, began working as a Lead Housing Inspector with the District of Columbia's Department of Consumer and Regulatory Affairs ("DCRA"). In the course of her employment at DCRA, Thomas alleges that she was subjected to derisive remarks about her age, made by her immediate supervisor Bernard Ferguson (e.g., "Ms. Thomas, are you sure you want to work at this job? You should be rocking in sunny Florida.") (Pl.'s Opp'n 4.)

Thomas' job required that she attend community meetings in Ward 7, where she was assigned to work. In the context of these community meetings, friction developed between Thomas and another meeting attendee, Neighborhood Stabilization Coordinator Rose Money. Money believed that Thomas' behavior at these meetings suggested that Thomas needed to be retrained in the scope of DCRA's responsibilities. (Money Dep. 20:14-17, Jan.14, 2004.) Money further alleges that Thomas was not a "team player," citing her refusal to participate in discussions with representatives from different agencies during a "drive-through" to ascertain a community's problems. (Money Dep. 28:14-29:14.)

David Clark, the Director of DCRA, terminated Thomas' employment on September 21, 2001. This suit followed in January of 2003. Thomas claims that her termination was a result of age discrimination, inferred from Ferguson's remarks during her employment, and her subsequent replacement by a substantially younger individual. The identity of the replacement seems to be the source of some confusion between the parties. Defendant alleges that Thomas' termination was a result of Thomas' behavior, as exemplified by complaints received from Money and others. Notably, Clark claims never to have observed the problematic behaviors himself, but to have acted solely on the advice of others in his decision to terminate Thomas. (Clark Dep. 7:16-12:10, Jan. 13, 2004.) The Court directed that dispositive motions in this matter be filed by February 3, 2006, and the District of Columbia's motion for summary judgment followed.

## DISCUSSION

**Legal Standard**

**I.  Summary Judgment**

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.  A movant for summary judgment need not foreclose the possibility that a genuine issue of material fact might exist; rather, the movant need only show that the non-movant fails to establish an issue necessary to her case.  The issue must be one for which the non-movant would have the burden of proof at trial.  *See Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986).  At its base, a motion for summary judgment is an assertion that, given the submissions of both parties, with the benefit of the doubt given to the non-movant, no reasonable factfinder could find in favor of the non-movant.

## II. Discrimination Claims under the ADEA

A plaintiff bringing suit under the ADEA traditionally makes a prima facie case for age discrimination by claiming:  (1) to be a member of the ADEA's protected class of persons over forty years of age; (2) to have been qualified for her position; (3) to have suffered an adverse employment action despite her qualifications and performance; and (4) to have been disadvantaged in favor of a substantially younger employee. *Threadgill v. Spellings*, 377 F. Supp. 2d. 158, 161 (D.D.C. 2005) (Lamberth, J.).  It is worth noting, however, that it is not always necessary that plaintiffs meet the fourth prong of this standard:  a plaintiff may be able to make out a case for discrimination against herself without showing that she was replaced by someone outside the disfavored group. *See Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002).

If the plaintiff offers only indirect evidence of discrimination, the defendant may offer a legitimate, non-discriminatory reason for its action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). On the defendant's production of some evidence for such a reason, the burden of proof is on the plaintiff to show that the defendant's reason is a mere pretext for its discriminatory action. *St. Mary's Honor Ctr v. Hicks*, 509 U.S. 502, 511 (1993).

In opposing the defendant's proffered non-discriminatory reason for its action, the plaintiff must show that a factfinder could infer discrimination from: (1) the plaintiff's prima facie case; (2) evidence the plaintiff presents attacking the employer's proffered reason for its action; and (3) and any further evidence presented by the plaintiff, or contrary evidence presented by the defendant. *Threadgill*, 377 F. Supp. 2d at 162. If the plaintiff's evidence, in its full context, would allow a reasonable jury to conclude that the plaintiff was a victim of discrimination, the defendant's motion for summary judgment will fail. *See Aka v.Wash. Hosp. Ctr.*, 156 F.3d 1284, 1290 (D.C. Cir. 1998).

**Analysis**

The District of Columbia claims that Thomas fails to establish that she was replaced by a substantially younger employee; that there is a presumption of non-discrimination because Thomas was hired and terminated by the same official; and alternatively, that Thomas has not succeeded in rebutting the District of Columbia's proffered non-discriminatory reason for terminating her. The Court addresses each of these claims in turn.

**I. Thomas' Prima Facie Case**

The District of Columbia claims that Thomas fails to establish a prima facie case for age discrimination because she fails to provide "any non-conclusory, non-speculative evidence that

she was in fact replaced by a person substantially younger than her." (Def.'s Mot. 7.) Thomas alleges that her position was temporarily filled by Phillip Miller, whom, at age 50, Thomas alleges is "substantially younger," and then by Deborah Colbert, who, 39 at the time of Thomas' termination, is outside the ADEA's protected class of individuals. (Pl.'s Opp'n 6.)

The Court, and, it appears, the defendant, remain confused as to who actually replaced Thomas. Deponents have offered names including Deborah Colbert, Lelah Thomas,[1] James Gray,[2] Phillip Miller, and Shirley Buie,[3] whose name was also offered by defendant in an interrogatory response. To succeed in its motion for summary judgment, the defendant need only point out that Thomas is unable to establish a triable issue necessary to her case; however, the failure of the District of Columbia to perform the seemingly simple task of giving the definitive name and age of Thomas' replacement in its reply to Thomas' opposition suggests that there exists a genuine issue of material fact as to the age of Thomas' replacement.

Additionally, as the Court noted, above, a prima facie case of age discrimination does not require the plaintiff to demonstrate anything with regard to the age of her replacement. The dispositive question is whether Thomas suffered an adverse action because of her age, not whether bias dictated that her replacement be younger. Accordingly, the District of Columbia's argument that it is entitled to summary judgment because Thomas has failed to satisfy the fourth prong of a prima facie case for age discrimination fails to persuade the Court.

**II. The *Waterhouse* Presumption of Non-Discrimination**

---

[1] Howze Dep. 51:15, Jan. 20, 2006.
[2] Howze Dep. 52:19-20.
[3] Def.'s Resp. to Pl.'s Interrog. #10

Defendant next contends that because the same individual hired and fired Thomas within a short time period, the Court should be persuaded that defendant is unbiased as regards the plaintiff.  In essence, the defendant asks the Court to assume that no employer would, in the first place, hire a person against whom that employer has some deep-seated bias.  While the District of Columbia was able to produce a long list of rulings supporting this position, the Court remains unconvinced of its applicability here.

The defendant places particular reliance on this Court's opinion in *Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1 (D.D.C. 2000).  There, this Court "[found] persuasive the fact that the same group of management officials who fired the plaintiff also hired her only a short time before, thereby raising a presumption or inference of non-discrimination." *Id.* at 12.  In distinguishing the instant case from *Waterhouse*, the Court need look no further than defendant's summary judgment motion in that case.  There, defendant called the Court's attention to *Watt v. N.Y. Botanical Garden*, 2000 WL 193626 (S.D.N.Y 2000).  The *Watt* Court examined a claim whereby the person who hired and fired Watt did so after having direct contact with Watt, in a scenario whereby any prejudices would have directly manifested themselves.  That is not the case here.

Thomas founds her claims of age discrimination on unwritten remarks made by her immediate supervisor; the District founds its legitimate, non-discriminatory reason for Thomas' termination on unwritten complaints.  Clark both employed and terminated Thomas on the unwritten recommendations of other individuals in Thomas' supervisory chain, and claims never to have interacted with Thomas until after she was terminated.  The Court is not persuaded that

the opinions or biases of Clark, the individual ultimately responsible for hiring and firing Thomas, are of much import here.

Consequently, if the defendant wishes to demonstrate a lack of age-related bias in the decisions to hire and fire Thomas, it does no good to demonstrate the lack of such bias by Clark. The relevant question is whether the individuals advising Clark to fire Thomas did so under a false flag of legitimacy when they were, in fact, engaged in discriminatory behavior. As the Court believes that the defendant's rationale for presuming a lack of bias is not persuasive in this case, the Court declines to grant defendant's motion for summary judgment on this point, as well.

### III. The Threshold For Rebutting the Non-Discriminatory Reason for Termination

Lastly, defendant asks the Court to find that Thomas has not sufficiently rebutted its non-discriminatory reason for her termination. The District of Columbia is correct in asserting that once it has offered a non-discriminatory reason for its actions, Thomas has the ultimate burden of persuading the Court that she has, despite the defendant's proffered reason, been the victim of discrimination. Notwithstanding this assertion, the defendant asks too much in suggesting that Thomas must, at this stage of the proceedings, have disproven the District of Columbia's non-discriminatory reason for terminating her. Defendant cites *Aka* for the premise that "the employee must demonstrate that the employer's explanation is a mere pretext for discrimination." However, the *Aka* Court continued to explain that there is no routine requirement that plaintiffs "submit evidence over and above rebutting the employer's stated explanation in order to avoid summary judgment." *Aka*, 156 F.3d at 1290.

Plaintiff offers that the District of Columbia's stated reason for terminating her is of questionable legitimacy. Thomas focuses on her receipt of a letter of recommendation from her

supervisor after her termination. The letter praises her for possessing certain traits, the purported absence of which her employer cites as its reason for her termination. In contrast, the defendant offers no written documentation of the complaints alleged to have resulted in Thomas' termination. While these factors certainly do not serve to foreclose the possibility that defendant had a legitimate reason for terminating Thomas, they do serve to create an issue of material fact on which a jury could reasonably find for Thomas. Furthermore, the comments allegedly made by Ferguson, in the "full context" of the evidence, could allow a reasonable factfinder to infer discrimination. To deny summary judgment, the Court need only find that, from the evidence presented, a reasonably jury *could* infer discrimination. See *Threadgill*, 377 F. Supp. 2d at 165. In this case, a reasonable jury could infer discrimination from Thomas' rebuttal of the District of Columbia's non-discriminatory reason for terminating her. On this basis, the Court shall not grant the defendant's motion for summary judgment.

## **CONCLUSION**

For the reasons stated above, the plaintiff has presented triable issues of fact as to whether her dismissal was predicated on her age. Accordingly, the Court will deny the defendant's motion for summary judgment.

A separate Order will issue this date.


Signed by Royce C. Lamberth, United States District Judge, on June 1, 2006.